UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:23-cv-01082-BJD-LLL

ROBIN STINSON,

    Plaintiff,

v.

AMERICAN MANAGEMENT GROUP OF
NORTH FLORIDA, LLC, KLOTZ GROUP OF
COMPANIES, AND JEFF KLOTZ, Individually,

    Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants American Management Group of North Florida, LLC ("AMG"), Klotz Group of Companies, and Jeff Klotz, file this answer and affirmative defenses in response to the Complaint and Demand for Jury Trial served by the plaintiff Robin Stinson and states as follows:

### ANSWER

1. Defendants admit only that Plaintiff purports to bring this action under the Family Medical Leave Act ("FMLA"). Defendants deny any interference or retaliation and denies that Plaintiff is entitled to any relief whatsoever.

2. Defendants admit that this Court has subject matter jurisdiction over this case. Defendants specifically deny that the alleged events giving rise to this

action took place. The remaining allegations in paragraph 2 are denied.

3. Defendants admit only that venue of this case may lie within the territorial limits of this Court. Defendants specifically deny that the alleged events giving rise to this action took place.

4. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 4 of the Complaint, except admit that Plaintiff is an individual.

5. Admitted.

6. Admitted.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## GENERAL ALLEGATIONS

12. Defendants deny the allegations in paragraph 12 of the Complaint, except admit that on July 1, 2021 AMG offered Plaintiff the position of President of Operations – AMG.

13. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 13 of the Complaint, except

admits that Plaintiff accepted the position of President of Operations – AMG.

14. Defendants deny the allegations in paragraph 14 of the Complaint, except admit that Plaintiff began working for Defendant AMG on July 26, 2021.

15. Denied.

16. Denied.

17. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 17 of the Complaint, except admit that Plaintiff received 3 days of paid time off.

18. Denied.

19. Denied.

20. Denied.

21. Defendants lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 21 of the Complaint, except admit that Plaintiff requested leave under the FMLA and respectfully refers the Court to the document cited therein for a full and accurate statement of its contents.

22. Denied.

23. Denied.

24. Denied.

25. Defendant lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in paragraph 25.

26. Denied.

27. Admitted.

28. Defendants deny the allegations in paragraph 28 of the Complaint, except states that they lack knowledge or information sufficient to form a belief regarding the health of Plaintiff's father and admit that Plaintiff was scheduled to return to work on August 29, 2022.

29. Denied.

30. Denied.

31. Defendant lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 31.

## COUNT 1

## FMLA INTERFERENCE

32. Defendants restate and incorporate herein by reference its responses to paragraphs 1 through 31 above.

33. Denied.

34. Denied.

35. Denied.

36. Denied. Defendants also deny each allegation in the unnumbered "wherefore" paragraph following paragraph 36 and each subpart and deny that

plaintiff is entitled to any of the relief requested.

## COUNT II

## FMLA RETALIATION

37. Defendants re-adopt and re-allege their answers stated in paragraphs 1-31 of the Complaint.

38. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 38 of the Complaint, except admit that Plaintiff requested FMLA leave.

39. Denied.

40. Denied.

41. Denied.

42. Denied. Defendants also deny each allegation in the unnumbered "wherefore" paragraph following paragraph 42 and each subpart and denies that plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

43. Defendants deny each and every allegation not expressly admitted herein.

## DEFENDANTS' DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred in whole or in part because plaintiff has failed to state a claim upon which relief may be granted. Defendants reserve the

right, pursuant to Federal Rule of Civil Procedure 12(h)(2) to make an appropriate motion for judgment on the pleadings or to dismiss plaintiff's Complaint before or at the time of trial.

## SECOND AFFIRMATIVE DEFENSE

45. Plaintiff's claims are barred in whole or in part because all actions taken by Defendants with respect to plaintiff were motivated by legitimate, non-discriminatory, and non-retaliatory business considerations and thus defendants would have taken the same course of conduct irrespective of any alleged discriminatory intent. Defendants had no retaliatory motives when they terminated Plaintiff's employment.

## THIRD AFFIRMATIVE DEFENSE

46. Plaintiff's claims are barred to the extent that she has failed to take reasonable actions to mitigate her alleged damages, if any. Defendants is entitled to a set-off in the amount that plaintiff did or could have earned through reasonable efforts.

## FOURTH AFFIRMATIVE DEFENSE

47. If plaintiff's rights under the applicable statutes were violated in any manner (which is denied), such violation was caused by an employee of a defendant outside the scope of employment and without the consent of that defendant, which neither knew nor had reason to know of any such violation.

Defendants did not condone, ratify or tolerate any such conduct, but instead prohibited such conduct and therefore cannot be held vicariously liable.

## FIFTH AFFIRMATIVE DEFENSE

48. Assuming any of Plaintiff's federally protected rights were violated, Defendants are not liable for punitive damages because of any improper acts on the part of their employees as those acts were contrary to Defendants' good faith efforts to comply with the law by implementing policies and programs designed to prevent such improper acts in the workplace.

## SIXTH AFFIRMATIVE DEFENSE

49. Any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation.

## SEVENTH AFFIRMATIVE DEFENSE

50. To the extent that plaintiff committed acts that violated company policies, which, if discovered, would have resulted in her termination, plaintiff's claims are barred, or, at a minimum, her recovery must be appropriately limited.

## EIGHTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred in whole or in part because plaintiff was not entitled to FMLA leave because plaintiff had no qualifying reason under the FMLA.

### NINTH AFFIRMATIVE DEFENSE

52. Defendants' FMLA leave policy provides that if an employee fails to return to work on the day noted on the leave request (or on such date subsequently agreed for return), it will be considered a voluntary resignation by the employee. Plaintiff did not return to work after her FMLA expired. Therefore, she voluntarily resigned her employment with Defendants.

### TENTH AFFIRMATIVE DEFENSE

53. Plaintiff failed to provide the required medical certification/re-certification or other required documents showing her eligibility for FMLA leave beyond the initially approved leave period.

### ELEVENTH AFFIRMATIVE DEFENSE

54. Defendants did not interfere with Plaintiff's approved FMLA leave as they did not require Plaintiff to work during said leave. Plaintiff voluntarily chose to work remotely while on FMLA leave.

### TWELFTH AFFIRMATIVE DEFENSE

55. Plaintiff's claim for liquidated damages is barred because if defendants violated the FMLA (which is denied), then defendants did so in good faith and based on a reasonable belief that their conduct was not in violation of the FMLA.

### THIRTEENTH AFFIRMATIVE DEFENSE

56. Defendants were not covered employers under the FMLA.

## FOURTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff was not a covered employee for purposes of the FMLA.

## ADDITIONAL DEFENSES

58. Defendants reserve the right to seek leave to amend in order to assert additional defenses of which they become aware through discovery or other investigation.

Date: March 14, 2024

Respectfully submitted,

By: */s/ Garrett S. Kamen*
Garrett S. Kamen
Florida Bar No.: 125854
gkamen@fisherphillips.com
Adanna Ferguson
Florida Bar No.: 92372
aferguson@fisherphillips.com
FISHER & PHILLIPS LLP
201 East Las Olas Boulevard, Suite 1700
Fort Lauderdale, Florida 33301
Phone: (954) 525-4800
Facsimile: (954) 525-8739

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2024, a true and correct copy of the foregoing document has been provided to all counsel of record or unrepresented parties on the service list below by the method indicated.

*/s/ Garrett S. Kamen*
GARRETT S. KAMEN

## Service List

Dennis A. Creed, III
CREED & HALL
13043 West Linebaugh Avenue
Tampa, FL 33626
Phone: (813) 444-4332
Facsimile: (813) 441-6121
dcreed@creedlawgroup.com
bhall@creedlawgroup.com

*Attorneys for Plaintiff*